S. M. LOWRY VS. MRS. R. F. TREZEVANT AND HUSBAND.

MAYO, J.  The exception of no cause of action admits, for the purposes of its trial, all the substantive allegations of the petition.

2.  Where plaintiff sues the wife, alleging that the debt enured to her separate benefit, he may also sue the husband for the same debt by alleging that the latter bound himself for the same. There is no law which prevents the husband assuming his wife's separate debts.

3.  Where the husband joins his wife to authorize her to sign a note, he is not bound individually on such note.

4.  Where the husband individually, and not as agent for his

wife, buys lumber to erect a dwelling on her separate land for himself and family, he is bound for the lumber.

5. The acceptance by the creditors of the wife's note for such lumber does not novate the debt, because to work novation the person who creates the new debt must be capable of contracting—whereas, the wife is incapable binding herself for her husband's debt. C. C. 2190, 2398.

6. Where the creditor writes at the bottom of an account, " settled by note," such writing is not evidence of the payment or extinguishment of the debt, but merely of its liquidation.

7. Art. 2775 C. C. does not require that the contract to furnish building materials shall be in writing and recorded, in order to preserve the lien as between the parties to the contract. This Article provides for preservation of liens as to third persons.